# Hudson *v.* The State.

*Indictment for Arson.*

1. *Evidence; what relevant in proof of motive, &c.*—Where an offense is committed against the person or property, the relations existing between the accused and the injured person, or acts or declarations of the prisoner, manifesting unfriendliness or hostility, at and prior to the commission of the offense, are relevant evidence, in connection with the other facts and circumstances, as tending to connect the prisoner with the offense.

2. *Same.*—Thus, on trial of an indictment for arson of the prosecutor's mill, it may be shown that the prisoner had had prior difficulties with the owner; that he and others had prosecuted the mill owner for a nuisance, and remarked that some of those engaged in the prosecution would yet burn the mill.

3. *Same; effect and weight of.*—The jury must determine, in view of all the facts and circumstances of the particular case, what weight such evidence should have; and though the time elapsing between the formation of the hostile relations, or acts manifesting it, and the commission of the offense, may greatly weaken the evidence, it does not render it inadmissible.

4. *Same; what evidence irrelevant.*—A defendant who has been allowed to show that others stood in the same relation as himself towards the prosecutor, and had the same motive to commit the offense, can not complain that he was not permitted to show who such other persons were.

5. *Charge; when not error to refuse.*—Where the offense charged includes a lesser, value being a material element of the higher offense only, a charge so worded as to lead to an acquittal entirely, upon a reasonable doubt as to value, is properly refused.

6. *Value of property; what may be considered in determining.*—Not only the cost of erecting a mill and placing machinery in it, but also their enhanced value by reason of location, other circumstances, and the general patronage and profits derived from it, may be considered in determining the value of the mill; and a person shown to be conversant with these matters, may give his opinion as to its value.

7. *Evidence; what not admissible to refresh recollection.*—Entries upon the tax books, not made by the owner, or under his direction or authority, showing the assessed value of a mill, are not admissible for the purpose of refreshing his memory, as to who returned the property for taxation, or the amount at which it was assessed.

APPEAL from Circuit Court of Conecuh.

Tried before Hon. JOHN K. HENRY.

The appellant, Walker A. Hudson, was convicted under an indictment which charged that " he wilfully set fire to and burned a mill, which said mill was then a grist mill, and which said mill and the property therein contained was then and there of the value of five hundred dollars, the property of W. B. Shaver and John Brown, against the peace," &c. The State introduced one W. B. Shaver, who testified that he and John Brown were the owners of a grist mill, situated in Conecuh county, and that said mill was burned in the month of November, 1876. This witness testified that the mill-house and machinery which was in and attached to it, was worth five or six hundred dollars, and that there was in the mill at the time of its burning about forty or fifty dollars worth of property. This witness was asked by the State, if he and the defendant had had difficulties prior to the burning of the mill, and in reply he stated that, " he and defendant had a difficulty in 1866 in a matter, not about the mill." To this question and answer the defendant objected; his objection was overruled, and he excepted. Witness was then asked if he and defendant had had any difficulty since 1866. He answered that in 1868, he had a difference or difficulty with defendant and some other citizens of his locality, about establishing the mill which was burned. To this

[Hudson v. The State.]

question and answer the defendant objected; his objections were overruled, and he excepted. The witness was then asked, if he had any conversation with the defendant about burning the mill, and he answered that about two years before the mill was burned, defendant told him that "some of those fellows who was engaged in that prosecution about putting up the mill, would burn it up." Witness then testified that he had been prosecuted for keeping up the mill, and that the defendant employed counsel to conduct the prosecution.

On cross-examination, this witness was asked who else of the citizens engaged in the prosecution against him. The State objected to the question, and the court sustained the objection, and defendant excepted. The defendant then asked witness, if he had not given in the mill for taxes at the value of two hundred dollars, for several years before it was burned, and the witness having answered that sometimes he, and sometimes his neighbors had given in the mill for taxation, and that he did not recollect what years he had given it in, or the value as returned in the assessment, the defendant offered to introduce, for the purpose of refreshing the memory of witness, the tax book for the year 1867. The State objected to its introduction, and the court sustained the objection, and defendant excepted.

The State then introduced one Thomas, who testified that he was the miller at the burned mill, and had been thus employed for about a year. In reply to a question by the State as to the value of the mill, this witness testified that it was worth five hundred dollars. On cross-examination this witness stated that the mill was made of plank and hewn timber, and then described the character of the timbers and the construction of the house. Witness was then asked to state what the mill-house was worth, taking into consideration the kind of material it was built of, and in this estimate not to take into consideration what the patronage of the mill was, but looking alone to the actual cost of the material and of construction, and all the machinery and contents at the time it was burned. He answered that the contents and material and work would be worth about three hundred and fifty dollars. The State then asked the witness to "state the value of the house as a mill," and he answered, five hundred dollars. The defendant objected to this question and answer; his objection was overruled, and he excepted. The defendant after introducing several witnesses as to the value of the mill, including Brown, the joint owner, all of whom

placed its value at less than five hundred dollars, offered to introduce in evidence the tax books for the years from 1868, up to and including the year 1876, for the purpose of contradicting the witness for the State, and as showing the value of the mill. The court, on objection by the State, would not permit the tax books to be introduced, and defendant excepted. The defendant requested the court in writing to charge the jury, " if there is any doubt as to the value of the property as alleged in the indictment from the evidence, then the defendant must have the benefit of every reasonable doubt." The court refused the charge, and defendant duly excepted. The jury found the defendant " guilty as charged in the indictment," and sentence was passed accordingly.

R. M. WILLIAMSON, and J. T. HOLTZCLAW, for appellant. The court should certainly have permitted the defendant to show who else beside himself was interested in the prosecution of the owners of the mill. It tended to show that others had an equal motive to burn the mill, and would have weakened the testimony, tending to identify defendant as the person who did the burning. The tax books should have been allowed to go to the jury on the question of value. They should have been shown to witness to refresh his recollection, he having stated that he did not remember who returned the mill, or at what value it was returned.

H. C. TOMPKINS, Attorney-General, contra.—The fact that others than the witness had the same motive for burning the mill, could not of itself be any evidence that the defendant did not commit the crime charged, nor could it lessen the probabilities of his having done so.—54 Ala. 527; 9 Ala. 990; 4 Dev. 328; 1 Mass. 143. The value of the building as a mill was the true inquiry. The burning deprived the owner of the use of the building as a mill, and if as a mill it was worth five hundred dollars, the offense of arson in the second degree was committed. The tax books were inadmissible; it was not shown who made entries therein, nor was the defendant shown to have made any of the entries sought to be used as evidence.—1 Whart. on Ev. §§ 517, 521, 523.

BRICKELL, C. J.—1. In criminal cases, the *corpus delicti* being established by evidence *aliunde*, there are many minor facts, or evidentiary circumstances, which are admissible to implicate the accused. " They are resorted to," says Mr. Burrill, " as elements of evidence, not from any supposed

necessity of accounting for, or explaining the reason of a criminal act which has been clearly proved and fixed upon the accused, however strange and inexplicable such act may in itself appear, but from the important aid they always render in completing the proof of the commission of such act by the party charged, in cases where it might otherwise be thought to remain in doubt." When the offense is against the person or property, the relations existing between the accused and the injured person, prior to and at the time of the injury, in conjunction with other circumstances, may disclose a motive, either of gain, or of revenge, on the part of the accused, which will aid in identifying him as the wrong-doer. Such relations the prosecution may prove, and what are the proper inferences to be drawn from them—the weight to be attached to them, lies within the province of the jury, and depends upon the circumstances with which they are connected. The time which may have elapsed, since such relations were formed, and openly manifested as hostile, before the injury was committed, may lessen their weight as evidence, but can not render them inadmissible. Other evidence, connecting the accused with the offense, may be requisite to fix his guilt—evidence more clearly and directly pointing to him as the offender; but his past relations to the person injured, the motive to do the injury which may spring from these relations, may not have been changed or removed by the mere lapse of time. The force of the fact, time may diminish, but does not entirely destroy. Or, if new and amicable relations have been formed—or any other change of circumstances, which may diminish the probative force of the fact, can be shown—the fact must be taken in connection with these, and it may be shorn of all practical value as evidence, without affecting its admissibility.

The evidence of prior *difficulties* (by which we understand disputes, or controversies or quarrels begetting ill-will), between the accused and one of the prosecutors in 1866, not in reference to the mill burned; renewed in 1868 in reference to the building and keeping up of the mill—the prosecution against the prosecutors for a nuisance in keeping up the mill, the employment of counsel by the accused to conduct that prosecution—his declaration, that "some of those fellows who were engaged in that prosecution about putting up the mill, would burn it;" are all minor facts having a tendency to implicate him in the crime committed in 1876 in burning the mill. Their sufficiency may depend upon their conjunction with other criminating circumstances. The

(22)

time elapsing before the injury, after these relations were formed, and the manifestation of ill-will growing out of them, may be so great that their value as evidence would be measured by the number and character of the circumstances with which they are connected; but this does not affect their admissibility.

2. The fact that others than the accused were engaged in the prosecutions against the present prosecutor, for keeping up the mill, had been shown. Who such persons were, was not a material inquiry. If any inference favorable to the accused could be drawn from the fact, that others stood in the same relation to the prosecutor, and had the same motive to burn the mill, which could be imputed to him, the fact was proved as the basis of the inference. Their identity or individuality, would not strengthen the inference unless it were proposed to extend the inquiry further into their good or bad character, or their acts or declarations. Such an inquiry would be too remote from the facts really in issue.

3. Arson in the second degree, the offense charged against the appellant, consists in the burning of several designated structures or buildings devoted to particular uses or purposes, public or private, and of these is a manufactory, or mill which with the property therein contained, is of the value of five hundred dollars or more.—Code of 1876, § 4347. Arson in the third degree, consists in the setting fire to, or burning any house or building, and other designated property, under such circumstances as do not amount to arson in the first or second degree.—Code of 1876, § 4348. The difference in the elements of arson in the second and third degree, so far as this case involves it, is in the value of the mill and the property contained in it. If the value does not reach five hundred dollars, the offense can not be arson in the second degree. The value of the property is, therefore, a material ingredient of the higher offense with which the appellant stands charged. The expense or cost of erecting the house, or the cost of the machinery, are not the only elements of the value. These would not alone be considered by a purchaser, but the enhanced value of these, by reason of the location or other circumstances, and its general patronage, and the profits derived from it, are all elements of value, and to be considered by the jury in determining whether it was of the value of five hundred dollars, or more, or less. It is possible a mill, or other building intended for particular uses, may be so illy adapted to such use, or so illy located, that though its erection may have cost greatly more

[Hudson v. The State.]

than five hundred dollars, the real value in consequence of these circumstances, is much less than that sum. The value of the house *as a mill*, that is considering the uses to which it was appropriated, the machinery appurtenant, the location, the advantages the location gave it, and the profits derived from it, were all proper to be considered. The court properly permitted the witness Thomas to state the value of the house *as a mill*. He had been the miller operating the mill, and had the requisite knowledge to enable him to give his opinion, and the correctness or worth of the opinion could have been tested by a cross-examination.

4. The entries on the tax books showing the assessed value of the mill, were not made by the prosecutor, or under his direction, or by his authority, and they were inadmissible to refresh his memory, or for any other purpose. If the tax assessor who made the entries had been called to prove the value of the mill, it would have been permissible for him to refresh his memory by them; or, if it had been shown that the entries had been made on Shaver's statement of the value of the mill, the person making the entries could have refreshed his memory of the statements by reference to them, and the statements would have been admissible to contradict Shaver. As evidence for any other purpose, or under any other circumstances, the tax book was not admissible.

5. In all criminal cases, the guilt of the accused must be fully proved. A reasonable doubt of the existence of any fact essential to guilt, is fatal to the accusation. Malice is an indispensable element of murder. An unlawful killing may be clearly shown; but if there is a reasonable doubt whether it proceeded from malice, or sudden passion aroused by immediate provocation, malice, the indispensable element of murder, not being fully proved, the slayer can not be convicted of murder, though he may be of manslaughter, of which malice is not an element. The value of the property set fire to, or burned, is an indispensable element of arson in the second degree, the offense with which the appellant was charged. A reasonable doubt as to the value, though every other fact essential to criminality had been fully proved, entitled him to an acquittal of the offense charged, though he could have been convicted of the lesser offense, arson in the third degree, necessarily involved in the offense charged. If the instruction requested and refused, had been so framed as to express clearly this proposition, it would scarcely have been refused by the Circuit Court. As it is framed, the Circuit Court properly refused it; for if given, the court, to

[Thames v. Herbert, Adm'r.]

prevent the jury being misled and confused, and to inform them of the consequences of the insufficiency of evidence of value, must have given additional and explanatory charges, showing that if all other necessary elements of the offense were proved, the insufficiency of the evidence of value, did not compel them to an acquittal, but it was their duty to find the accused guilty of the lesser offense, of which the value of the mill was not an element. A court is never bound to give instructions requiring explanation, or further instructions, to save the jury from being misled or confused.

We find no error in the record, and the judgment must be affirmed.