# Alston *v.* The State.

*Indictment for Murder.*

1. *Threats against deceased by third person.*—On a trial under an indictment for murder, the evidence against the accused as the slayer being entirely circumstantial (except some "alleged confessions"), he can not be allowed to prove threats made against the deceased by a third person, who had had a personal difficulty with the deceased a few months prior to the homicide, and who was shown to have evaded the service of subpœna as a witness on the inquest.

[Alston v. The State.]

FROM the Circuit Court of Sumter.,

Tried before the Hon. WM. S. MUDD.

The prisoner in this case was indicted in October, 1879, for the murder of John W. Pierce in 1868. He pleaded not guilty to the indictment, and was tried on that plea; was found guilty of murder in the first degree, and sentenced to the penitentiary for life. On his trial, he reserved a bill of exceptions, on which the case is brought to this court, and which is as follows: " The State introduced evidence tending to show that the deceased, while on his way to the field, carrying breakfast to the hands there at work, was slain by two persons, lying in ambush, and shooting him from two different points. The killing was done in Sumter county, in 1868, and was witnessed by no one. There was no proof that any-one witnessed it. There was no evidence connecting the defendant with the homicide, except circumstantial evidence, and alleged confessions of the defendant. There was no ill-feeling against the deceased, or other motive on the part of the defendant for killing him, introduced in evidence. The defendant proved, without objection, that the deceased and one McClean, both of whom resided in the same neighborhood when the homicide was committed, about four months prior to the killing had a personal difficulty, in which the deceased shot said McClean in the mouth, from which he was confined in his house about a month; and that the ill-feeling between them, created by the difficulty, was not healed up to the time of Pierce's death. The proof tended to show, also, that said McClean, when the inquest was held on the body of Pierce, evaded process of subpœna by the coroner, and did not appear at the inquisition. The defendant then offered to prove that said McClean, during his confinement from his said wound, and repeatedly after he was able to get about, declared his purpose to kill the deceased. To the admission of these declarations as evidence the State objected, and the court sustained the objection; to which ruling the defendant excepted."

A. W. COCKRELL, for the defendant.—The absence of all evidence pointing to another as the guilty agent, is a circumstance to be weighed and considered by the jury in determining whether the accused committed the homicide.—*Hall v. The State*, 40 Ala. 707. The material issue was, whether the accused committed the homicide; and any evidence legitimately tending to show that it was committed by another person, was relevant to that issue. There was no witness to the assassination. Suppose it was in fact committed by another person; how could the accused establish the fact, ex-

cept by proof of a former difficulty, ill-feelings, threats, &c., which would make out the case against that person, if on trial?

H. C. TOMPKINS, Attorney-General, for the State, cited *Smith v. The State*, 9 Ala. 990; *Levison v. The State*, 54 Ala. 527; *Hudson v. The State*, 61 Ala. 333; *Commonwealth v. Chabbock*, 1 Mass. 143; *State v. May*, 4 Dev. Law, 328.

BRICKELL, C. J.—After a careful examination of the record, we find the indictment sufficient, and the proceedings were in all respects conducted in strict conformity to the modes prescribed by law. The question presented by the bill of exceptions is the only matter to which our attention has been directed by counsel; and that must be regarded as settled adversely to the prisoner.— *Smith v. The State*, 9 Ala. 990; *Levison v. State*, 54 Ala. 527; *Hudson v. State*, 61 Ala. 333. A very large latitude was allowed the prisoner, in receiving evidence of the motive of another to commit the crime with which he was charged, and of his evasion of justice. Threats of such person to take the life of the deceased were, at best, hearsay only, and too remote from the inquiry before the jury to have been received.

We find no error in the record, and the judgment must be affirmed.

### *Indictment for Murder.*

