[No. 6099.  Decided July 27, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. J. D. McLAIN, *Appellant*.[1]

ARSON—SITUS OF BUILDING—INFORMATION.  An information for arson sufficiently alleges the situs of the property where it alleges that the defendant, in a specified county of the state, "then and there being, did then and there . . . set fire to and burn . . ." etc.

SAME—EVIDENCE—ADMISSIBILITY.  Under Bal. Code, § 2095, defining the crime of arson "of any structure" to include any barn intended to be used for such purpose, it is proper to admit evidence to show the contents of the barn to have been a horse, saddles, wagon, hay, and other personal property, in order to show the nature of the structure and the surrounding circumstances.

SAME—SUFFICIENCY OF EVIDENCE.  In a prosecution for arson, circumstantial evidence is sufficient to sustain a conviction, where it appears that the barn was evidently burned other than by any accident or natural agency, the accused had made threats against the owner, tracks to and from the barn were strikingly similar to shoes· of a peculiar form worn by the accused, the barn door, before securely closed, was found open and a horse, bridle and saddle were missing, the horse returning the next morning, and about a month later the accused sold the missing saddle, and other facts presented a strong chain of circumstances.

WITNESSES—IMPEACHMENT.  The cross-examination of a witness upon an immaterial matter cannot be made the subject of impeachment of the witness.

CRIMINAL LAW—ARSON—EVIDENCE—HEARSAY.  Upon a trial for arson, evidence of a statement by the owner, who was not called to testify, that he thought another than the accused had burned the property, is not competent.

SAME—THREATS BY THIRD PERSON.  Upon a charge of arson, evidence of threats made by a third person to burn the property is inadmissible as hearsay and incompetent, where there is no other evidence tending to implicate such third person.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered August 26, 1905, upon a trial and conviction of the crime of arson.  Affirmed.

[1]Reported in 86 Pac. 390.

*J. D. McLain, E. K. Pendergast,* and *Perry D. Smith,* for appellant.

*Alvin W. Barry,* for respondent.

CROW, J.—The defendant, J. D. McLain, has been convicted of the crime of arson, and appeals to this court. He presents numerous assignments of error, many of which are purely technical and cannot be considered in detail in an opinion of reasonable length. We will, however, pass upon all controlling questions raised in his brief.

It is contended that the court erred in overruling appellant's demurrer to the information, which, omitting caption and jurat, reads as follows:

"J. D. McLain is accused by A. W. Barry, special prosecuting attorney herein by this information of the crime of arson, committed as follows: The said J. D. McLain, on or about the twentieth day of August, 1904, in the county of Okanogan, state of Washington, then and there being, did then and there unlawfully, wilfully and feloniously set fire to and burn a certain barn building, the property of another, to wit: J. D. Lyda of the value of eight hundred and fifty dollars, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Washington."

In argument appellant contends that this information is insufficient because it does not allege that the situs of the barn claimed to have been burned was in Okanogan county. The demurrer was properly overruled. *State v. Meyers,* 9 Wash. 8, 36 Pac. 1051.

It is contended that the trial court erred in permitting the state, over appellant's objection, to show the contents of said barn, which included one horse, two saddles, a wagon, a large amount of hay, and other personal property; and that the court also erred in permitting the state to show that certain other buildings belonging to J. D. Lyda were located near said barn. Appellant insists that the only purpose of this evidence was to inflame the minds of the jury against him by

showing a large amount of valuable property to have been destroyed or seriously endangered. We see no merit in these contentions. The cause was tried upon circumstantial evidence purely, and it was certainly proper for the state to show the situation and contents of the barn, and also to show the surrounding conditions. Bal. Code, § 7095 (P. C. § 1598), defining the word "structure," as used in Bal. Code, § 7094 (P. C. § 1597), defining "arson," says:

"The term 'structure' in this article shall be held to mean and shall include in meaning, any . . . barn . . . in which property is placed or stored, or which is used or intended to be used for such purpose . . . "

It was certainly proper for the state to prove the contents of the building destroyed so that it might be shown to have been a barn constituting a "structure" as defined in said § 7095. It was also competent for the state to show the location of Mr. Lyda's adjacent buildings, it having appeared that certain witnesses who first discovered the fire were sleeping there. The evidence objected to tended to disclose the exact situation, the surrounding circumstances and the opportunities of these witnesses for learning and knowing the facts detailed in their evidence.

At the close of the state's opening case, appellant moved for a directed verdict of acquittal. He now contends that the trial court erred in denying this motion. As above stated, the case was tried upon circumstantial evidence only, and while it is true, as contended by appellant, that no witness saw him set fire to the barn, or observed him anywhere in its vicinity at or near the time it burned, yet the state's evidence presented a strong chain of circumstances surrounding him, which made it the duty of the trial court to submit the question of his guilt or innocence to the jury. The fact that the barn was burned was clearly and satisfactorily proven, and the surrounding circumstances were such as to exclude any reasonable contention that any accident or natural agency had caused the fire. Various witnesses testified to threats

which appellant had made against J. D. Lyda shortly before the fire, showing that he entertained feelings of bitter hostility towards him; and that he intended to "get even with him." The barn was located some six miles from the town of Twisp in Okanogan county. Tracks were discovered leading towards the barn, which were evidently made by some person wearing a shoe of peculiar form, strikingly similar in size and shape to one worn by appellant. Like tracks were noticed leading from the barn to a point on the public road, from which a horse appeared to have been ridden. A certain horse and saddle belonging to J. D. Lyda were in the barn just before the fire, but were found to be missing by witnesses who made an examination of the contents of the barn and who were still able to enter it after the fire was discovered. These witnesses found the barn door open, it having been securely closed earlier in the evening. The missing horse returned to Mr. Lyda's place the next day, without rider, saddle or bridle. About one month later appellant sold Mr. Lyda's missing saddle to a third party. A sidesaddle belonging to Mrs. Lyda had been destroyed, and a stirrup taken from it was found outside of and near the burning barn. A one-quart demijohn of peculiar construction, inclosed in a wicker cover, and which had contained kerosene, was found near the barn immediately after the fire. A short time previous to this, appellant had been seen in the possession of just such a demijohn. The fire was started in some hay in the loft of the barn. The appellant was observed leaving Twisp about nine o'clock the night of the fire, and returning about 1 a. m. the next morning. The fire occurred about midnight. These and other circumstances disclosed by the state's evidence made it the duty of the court to deny the motion for a directed verdict.

The only defense attempted by appellant, other than an alleged alibi, consisted in a claim advanced by him that the barn had been burned by one Bales, who was deceased at the

time of appellant's trial.   On the cross-examination of E. R. Davis, one of the state's witnesses, appellant asked whether he had not heard J. D. Lyda accuse Bales of burning the barn.   Mr. Davis testified that he did not remember any such statement.   Appellant, in presenting his case, offered to show by one of his witnesses that Bales had made certain threats against Mr. Lyda, and that Lyda had stated to said Davis that he thought Bales had burned the barn.   Appellant contends that he was entitled to have the evidence admitted for two purposes: (1) To impeach the witness Davis, who had denied having the alleged conversation with Mr. Lyda; and (2) as tending to show by circumstantial evidence that Bales had burned the barn.   The court refused this evidence when offered, and error has been assigned.   It was not competent for the purpose of impeaching Mr. Davis who had been cross-examined by appellant.   The cross-examination was on an immaterial matter, and could not become the basis of impeachment.   What Mr. Lyda, who was not called upon to testify, may have said to third persons about any supposed connection of Mr. Bales with the burning of the barn, was entirely foreign to any issue in this case.   It would not have been competent evidence against Mr. Bales had he been on trial for arson, and obviously could not be admitted here. In *Carlton v. People,* 150 Ill. 181, 37 N. E. 244, 41 Am. St. 346, it was assigned as error that the trial court refused to allow the defendant Carlton to prove by two witnesses that they had heard one Verhines make threats that he would burn everything Ridenhour, the prosecuting witness, had.   In passing on this proposition the supreme court of Illinois said:

"We do not regard this ruling as erroneous.   Threats of a third person, other than the prisoner on trial, against the victim of the crime charged, are mere hearsay, and are inadmissible.   Evidence of this character tends to draw away the minds of the jury from the point in issue, which is the guilt or innocence of the prisoner, and to excite their prejudices and mislead them. 1 Greenleaf, Ev. §§ 51, 52; *Walker*

*v. State,* 6 Tex. App. 576; *State v. Duncan,* 6 Ired. 236. Such threats of a third person are *inter alios acta*; they are too remote from the inquiry before the jury to be received, and have no legal tendency to establish the innocence of the prisoner. *Alston v. State,* 63 Ala. 178; *State v. Davis,* 77 N. C. 483. It is competent for the defendant to show by any legal evidence that another committed the crime with which he is charged, and that he is innocent of any participation in it, but this cannot be shown by the admissions or confessions of a third person not under oath, which are only hearsay."

The evidence offered was not competent for the purpose of showing that Bales had burned the barn, as no other evidence of any kind was offered tending to implicate him. It was not contended that he had been seen near the barn. Nor were any circumstances disclosed creating any suspicion of guilt against him. *State v. Crawford,* 99 Mo. 74, 12 S. W. 354; *State v. Fletcher,* 24 Ore. 295, 33 Pac. 575.

Appellant has complained of instructions given; and also that instructions requested by him were erroneously refused. We have carefully examined all of the instructions and find that they fully and fairly stated and covered all the law of the case. Most of them were based upon instructions heretofore approved by the rulings of this court. All instructions requested by the appellant, to which he was entitled and which he claims were refused, were fairly included in other instructions actually given.

From a careful examination of the entire record we are satisfied that the appellant has had a fair trial, and the judgment is therefore affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, RUDKIN, and HADLEY, JJ., concur.