[No. 23648. Department Two. July 16, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK
BOESSEAU, *Appellant.*[1]

*Walter Metzenbaum,* for appellant.

*Robert M. Burgunder* and *Theodore S. Turner,* for
respondent.

MAIN, J.—The defendant was charged in the justice
court with the crime of driving a motor vehicle while
under the influence of intoxicating liquor, and was
there convicted. He appealed to the superior court,
where the jury returned a verdict of guilty. Judgment
and sentence were entered upon the verdict, from which
the defendant appeals.

November 24, 1930, at about six o'clock p. m., one
George J. Radovich was proceeding north in an auto-

[1]Reported in 13 P. (2d) 53.

mobile on a straight stretch of paved highway near Falls City, in King county, and the appellant was proceeding south in an automobile upon the same highway. It was dark at the time, and misty, but there was no rain or fog. The lights of both automobiles were on, and were plainly visible. As the appellant approached, his automobile was about three feet over to the left of the center line of the pavement, and the left front of his automobile struck the left front of the Radovich automobile and scraped the left side thereof.

As the two vehicles approached each other, Radovich got over to the right as far as safety permitted. There was evidence that, immediately after the accident, the appellant's breath carried the odor of intoxicating liquor; that he admitted taking one or two drinks, and one witness, on cross-examination, testified:

"Q. Now, tell the jury Yes or No: Was Mr. Boesseau [appellant] under the influence of liquor at that time? A. Somewhat."

At the conclusion of the evidence offered by the state, the appellant moved for an instructed verdict on the ground that the evidence was insufficient to sustain a conviction. This motion was overruled, and the appellant then made two offers of proof, one that, in a civil action previously brought by Radovich against the appellant,

". . . Radovich suffered no personal injuries; that this item was false and padded and that the prosecution was waged by Radovich to support this false claim;"

and the other,

". . . that Radovich offered to settle his claim for much less than asked in his complaint and drop the prosecution, and that when defendant failed to pay, he proceeded with the prosecution."

These offers of proof were rejected, and no other evidence was presented by the appellant, who did not himself take the witness stand in his own behalf.

It is first contended that the evidence is not sufficient to support a conviction. It is, of course, the rule that a verdict will not be disturbed if there is evidence tending to establish the material facts necessary to show the guilt of the accused. *State v. Bailey*, 31 Wash. 89, 71 Pac. 715. From the facts stated, and without further reviewing the record, we are satisfied that there was substantial evidence tending to show every material fact that was necessary to be shown in order to sustain the verdict. The weight of the evidence was for the jury.

There are a number of cases from other jurisdictions, one of which is *State v. Giles*, 200 Iowa 1232, 206 N. W. 133, 42 A. L. R. 1496, where the verdict of a jury finding the accused guilty of driving an automobile while under the influence of intoxicating liquor has been sustained where there was less evidence of guilt than there is in the case now before us. The trial court properly denied the motion for a directed verdict.

It is next contended that the court erred in rejecting the two offers of proof above mentioned. The appellant had a right to show the status of the civil action which had previously been begun by Radovich against him as bearing on the question whether Radovich would profit by a conviction in the criminal case. *State v. Eaid*, 55 Wash. 302, 104 Pac. 275, 33 L. R. A. (N. S.) 946. The cross-examination of Radovich by the appellant disclosed the fact that a civil action had been begun, the amount that was demanded in the complaint, and the amount of the judgment, and the trial court did not err in refusing to allow further proof or inquiry into that action. The offers of proof in-

volved purely collateral matters which had no material bearing upon any issue in the criminal case.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, MILLARD, and HOLCOMB, JJ., concur.