[No. 27121.   Department One.   August 30, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. JESS S. LAYNE, *Appellant*.[1]

*P. C. Kibbe* and *A. P. Wilson,* for appellant.

*Smith Troy, E. A. Philbrick,* and *John S. Lynch, Jr.,* for respondent.

HOLCOMB, J.—An information was filed against appellant charging him with the crime of arson in the first degree, committed in Thurston county, on July 5, 1937, by, in the night time, wilfully, unlawfully, and maliciously setting on fire a dwelling house, thereby endangering human life.   The jury returned a verdict

[1]Reported in 82 P. (2d) 553.

of guilty, and appellant was sentenced to the state penitentiary.

The following facts may be recited: Shortly after the death of the husband of appellant's sister on June 1, 1936, appellant's sister, Mrs. Myrtle Noonan, moved from Vail, Washington, to the town of Tenino, and there occupied the second house south of Fourth street in block thirty, situated on the east side of D street.

From October, 1936, until the time of the fire, appellant had made his home with his sister there. She furnished his food and lodging, and helped him financially when he had no funds. It appears that appellant had been unemployed for some time and that he was in poor health, being partially paralyzed.

Mrs. Noonan, having been offered employment at Chimacum, had decided to establish her residence there, and had set out for that place at the time of the fire in question. She had taken certain household goods and personal effects with her, and intended to return to Tenino to pack up the balance of her personal property at a later date. Before her departure, she had given the keys to her house in Tenino to appellant. Appellant testified that, at the time his sister was contemplating moving from Tenino, he had made arrangements to move from Tenino to Forks, to work in a hospital and to receive treatments there.

Prior to the death of Mr. Noonan, and when he and Mrs. Noonan were living at Vail, Washington, a policy of insurance was taken out by him providing for a coverage of two thousand dollars on their household furniture.

On the day before the fire, appellant went to Centralia for medical treatment and returned either on the five-thirty p. m. or six-thirty p. m. stage. Upon his arrival at Tenino, he had dinner at a cafe and then went to his home. One Elmer Matthews called at ap-

pellant's home at seven o'clock, stayed half an hour, and then appellant and Matthews went to the residence of Matthews' sister, a Mrs. McPherson.

Matthews testified that, while he was at appellant's house, he lighted a fire in the kitchen stove, but did not light any in the heating stove, and that no fire was burning in the kitchen stove when he left the house. Matthews and appellant remained at Mrs. McPherson's residence until about nine-thirty o'clock, and then they returned to the Noonan house. Matthews testified that neither he nor appellant made any fire in the stoves in the house at that time. Appellant, however, testified that they did light a fire in one stove. Thereafter, they returned to Mrs. McPerson's home, and among the things appellant brought to her from his sister's house were about sixty pairs of stockings to make rugs, some groceries, a light colored summer coat, a couple of dolls, a few odds and ends of embroidery, and knickknacks.

Appellant departed from Mrs. McPherson's residence at about midnight. Mrs. McPherson testified that appellant whispered to her when he left that he was going over to light the fires. This witness also testified that appellant asked her to sit up for him until one-thirty, and since he did not appear at that time, she retired. She stated further that he came to her home about one-forty-five a. m., and called her, but she did not answer.

The fire in question occurred at the house of appellant's sister on the morning of June 5, between three a. m. and three-thirty a. m. A truck driver, who was a former fireman, was passing through Tenino, and observed the fire at about three-fifteen a. m. He stopped his truck on the side of the road and proceeded to the burning house, and was the first person to arrive at the scene of the fire. He gave an alarm by outcry. No

one was inside the house at that time, and the doors were locked, so that he had to break in. No eye witness saw any blaze set. During the fire, a heavy black smoke emanated from the house. The testimony shows that neither of the two stoves in the house had any fire in them at the time the house was burning. The heating stove was cool, and the only heat upon the kitchen range was that occasioned by the burning of the house.

The testimony shows that there were two simultaneous fires in the interior of the house, which were extinguished by the town volunteer fire department. One of these fires was in the living room, and the other was in the clothes closet of a bedroom. Although there was contradictory testimony, several witnesses testified there was absolutely no connection whatever between the fire in the closet of the house and the fire in the other room, and that the fire did not burn through the wall into the closet of the adjoining room.

Mrs. McPherson testified further that, the day following the fire, appellant stated if his sister obtained the insurance he and Mrs. McPherson would take a trip. That witness also said appellant told her on that day that he had a hard time "keeping a straight face," when being questioned.

At the conclusion of the state's case, counsel for appellant moved that the charge be dismissed or the jury should be instructed to render a verdict of not guilty, for the reason that there was no evidence of incendiarism to go to a jury. This motion was denied.

Appellant testified in his own behalf that, after leaving Mrs. McPherson's home at midnight, he met a friend who had some whiskey, and they obtained some beer, went down to the Great Northern depot, and stayed there until morning; that the city marshal informed him of the fire at five a. m. on the morning of

the fire, and after stopping at the home of a friend, he proceeded with a friend to the scene of the fire. Upon their arrival at the house, they found two rekindled fires, and appellant extinguished them with the aid of his friends. He also testified that he had no knowledge of any insurance either on the house or the furniture therein at the time of the fire, and denied discussing the matter of insurance with Mrs. McPherson.

At the conclusion of the trial, counsel for the defense moved for an arrest of judgment or for a new trial, which motions were denied. Judgment was entered upon the verdict and this appeal followed.

Error is assigned in allowing the prosecution to "change front" in regard to motive, after the testimony was all in.

In his opening statement, the deputy prosecutor indicated that the state would show the household goods were insured, and that appellant expected to get a portion of the insurance if and when the same were collected. In his closing argument, the deputy remarked that the state was not trying the case upon the theory that appellant and his sister were in collusion and had conspired to burn the house, but upon the theory that appellant was compelled to abandon the house and to go to work to make a living, and that his sister never anticipated a fire. This was not such a shift in the closing argument from the theory presented at the outset as to preclude the state from relying on either theory that the jury should believe.

Moreover, no showing has been made that the deputy prosecutor did not act in good faith, and hence we may assume that he thought he could prove the facts presented in his opening statement. In *State v. Zupan*, 155 Wash. 80, 283 Pac. 671, we approved the following text:

"The prosecuting attorney may generally, in opening his case to the jury, fully outline the facts which he expects, and which it is competent for him to prove; and, although he states facts which are not followed by proof because the facts themselves are irrelevant, or because he fails to introduce any evidence or introduces incompetent evidence to support them, his statement is not error, if he acts in good faith and with reasonable grounds for supposing that he can prove the facts as stated, especially where they relate to the transaction or act directly resulting in the consummation of the crime." 16 C. J. 890, § 2226.

See, also, *State v. Vaughn,* 167 Wash. 420, 9 P. (2d) 355.

■ Complaint is made on the ground that the prosecuting attorney commented upon the fact that appellant had been convicted of forgery and larceny. Appellant was cross-examined with respect to these convictions, and certified copies of the court judgments relating thereto were admitted in evidence.

Rem. Rev. Stat., § 2290 [P. C. § 8725], provides:

"Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto."

This assignment is without merit, since the only purpose of this testimony and the introduction of these records was to impeach the credibility of appellant as a witness, and the court instructed the jury that they were to be considered for that purpose exclusively. *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Martin,* 176 Wash. 637, 30 P. (2d) 660.

■ Error is assigned upon the ground that the evidence was insufficient to warrant the verdict.

Rem. Rev. Stat., § 2572 [P. C. § 8752], defines the crime of arson in the first degree as follows:

"Every person who shall willfully—

"(1) Burn or set on fire in the night-time the dwelling house of another, or any building in which there shall be at the time a human being; or

"(2) Set any fire manifestly dangerous to any human life, shall be guilty of arson in the first degree and be punished by imprisonment in the state penitentiary for not less than five years."

It is correct that fires are presumed to be caused by accident or natural causes rather than by a deliberate act of the accused. *State v. Pfeuller,* 167 Wash. 485, 9 P. (2d) 785, and cases there cited.

Appellant cites several cases in which this court has disturbed the verdict of the jury because of insufficiency of the evidence. The facts presented here are dissimilar from those appearing in the cases relied upon. Each case of this character must be determined upon its own facts. We are mindful of the fact that the evidence in the record is wholly circumstantial.

In *State v. Nichols,* 143 Wash. 221, 255 Pac. 89, we said:

"The sole question argued by the appellant is whether or not there was sufficient evidence to justify the verdict. The house was burned. Motive and opportunity to burn were shown. Of course no one saw appellant apply the torch, but that is not indispensable. The circumstances proved are not inconsistent with each other, and at the same time they are consistent with the guilt of the appellant, as the jury were at liberty to weigh the evidence. . . . Upon the whole, it appears to us that the facts, circumstantial though they be, as the jury had a right to decide them, exclude with moral certainty every reasonable hypothesis except that of guilt."

See, also, Curtis, The Law of Arson (1936), 517-521, § 485; *State v. McLain,* 43 Wash. 267, 86 Pac. 390; *State v. Snyder,* 146 Wash. 391, 263 Pac. 180.

We have reviewed the record with great care, and are convinced that, while the evidence is conflicting in several particulars, there was substantial evidence to establish the guilt of the accused and to support the verdict of the jury. The weight of the testimony and the credibility of the witnesses were matters within the province of the jury, and we are not disposed to disturb the verdict. *State v. Godwin,* 131 Wash. 591, 230 Pac. 831; *State v. Despain,* 152 Wash. 488, 278 Pac. 173; *State v. Boesseau,* 168 Wash. 669, 13 P. (2d) 53.

The remaining assignments of error have been examined and considered, but they are without substantial merit, and we are satisfied that appellant has been accorded a just and fair trial.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.