[No. 21916. Department One. June 6, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. N. L. DESPAIN, *Appellant*.[1]

*Rice & Stinson,* for appellant.

*William H. Grimm* and *Russell L. Ponder,* for respondent.

HOLCOMB, J.—Appellant was convicted of the crime of arson in the second degree, and appeals to this court. The crime, as alleged, was committed on July 11, 1928, in Lewis county, and consisted of setting fire to his own dwelling house.

On appeal, the only contentions of appellant are that the evidence was insufficient to sustain a conviction and that the court should have granted a new trial by

[1]Reported in 278 Pac. 173.

reason thereof. The argument of appellant to sustain his contentions upon the facts presented, presents chiefly questions for a jury. Upon the facts as so argued, it is contended that the facts in this case bring it within the rule of *State v. Pienick,* 46 Wash. 522, 90 Pac. 645, 13 Ann. Cas. 800, 11 L. R. A. (N. S.) 987.

The facts in that case showed a chain of circumstances, without a motive being present, which was as consistent with innocence as with guilt. Appellant had no interest in the business or the property, and there was no overinsurance. There was absolutely no motive for the crime shown in that case. We therefore held that the *corpus delicti* was not established beyond a reasonable doubt, and the verdict was set aside.

In this case, while the evidence is circumstantial, it is consistent with guilt beyond a reasonable doubt, and a motive was shown. The facts may be briefly summarized, without mentioning all that the jury were entitled to consider, as follows:

The building which appellant is charged with firing is a two-story frame dwelling house belonging to him, constructed of wood and containing six rooms. The rooms were all ceiled with cedar, and only the downstairs rooms were papered. The fire was undoubtedly started on a landing in the stairway, six steps up from the bottom of the stairs. The chimney in the kitchen was examined and found to be in good condition, without any defect or any trace of fire around it. Appellant had used the stove in the kitchen an hour or two before the fire occurred, which was about 8:40 in the morning. He went out to the rear of his premises and remained there, first in an out-house and then in the berry patch and garden, where he was weeding within plain sight of the house at the time the fire occurred. No other person entered the premises during that time; he admitting that if any other per-

son had come upon the premises he would have seen him.

The electric wiring was examined, and it was found that the fuses were in good condition without any indication of any wires having been short-circuited or any fire originating around them. The odor of kerosene was very strong at the time of the fire all over the house. A Tacoma newspaper, dated the day before, saturated with kerosene was found in the upstairs of the house between the stove pipe coming out through the upstairs floor and the wall. A mattress on appellant's bed upstairs had the cover completely torn off and part of the excelsior scattered around the room. The night before the fire, appellant was seen carrying a white gallon jug full of some liquid which he volunteered the information was gasoline for his car.

The furniture contents of the house at the time of the fire were very small, consisting of barely enough for appellant's own use and of very small value. The furniture was insured for $400, which apparently was overinsured to the extent of almost the entire amount thereof. The house was insured against fire for $1,500, making a total insurance on the house and contents of $1,900. The house and lot upon which it was situated were of the value of $1,000.

Appellant attempted to show that he had a real estate trade pending whereby he could have obtained real estate of the value of $3,000 in exchange for his property by paying a difference of $500, and that this evidence tended to show that he could have gained by the real estate trade more than he could gain by securing the proceeds of the insurance. But the evidence also showed that the title to the real estate for which he had the pending trade was probably not then a marketable one, and that, at any rate, the benefits were not quickly available.

The actions and statements of appellant at the time the fire was discovered and immediately afterward rather tended to show great lack of concern or any surprise at the fire.

These and other facts in the record show that the fire was of incendiary origin; that appellant was present upon the premises at, and immediately before, the time of the fire; that no other person was accessible who could have set out the fire; that appellant had a motive for burning the property; thereby the chain of circumstances were complete and tended to establish the guilt of appellant beyond a reasonable doubt, if the jury so believed. The mere statement of the salient facts in this case discloses the difference between it and the *Pienick* case.

We have long adhered to the rule that we will not disturb verdicts of this character on the ground of alleged insufficiency of evidence where there is evidence to support the verdict, although it may not be of the most convincing kind. *State v. Ripley,* 32 Wash. 182, 72 Pac. 1036; *State v. McLain,* 43 Wash. 267, 86 Pac. 390, 10 Ann. Cas. 321; *State v. Nichols,* 143 Wash. 221, 255 Pac. 89.

We conclude that the verdict and judgment must be sustained.

Affirmed.

MAIN, TOLMAN, FULLERTON, and BEALS, JJ., concur.