[No. 30684. Department Two. January 5, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY S.
EVANS, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Robert F. Buck*, for respondent.

SIMPSON, J.—Defendant was charged with, and convicted of, the crime of second degree assault. His only assignment of error in the appeal to this court is that the evidence was insufficient to justify the verdict.

The evidence brought forth the following facts: January 13, 1948, David M. Stitt anchored his boat, the "Service," near shore in Obstruction Pass. Shortly after, two other boats, the "Pixie," owned by Peter A. Troen, and the "Sinbad," owned by Arthur Hoffman, anchored nearby. As he anchored the "Service," Mr. Stitt heard four shots, fired from the shore. The bullets from the gun came so close to the boats that Mr. Stitt got down in the cockpit and turned

[1] Reported in 201 P. (2d) 513.

the lights off. He testified that the appellant, who was on the shore, said: "Come ashore; I will kill you. . . . You are asking for it. You are asking for it." The witness saw him on the beach, but did not see him shoot a rifle, though at one time he had one in his hands. Other evidence showed that appellant lived in a house on the beach a short distance from where the vessels were anchored, and that there were no other persons on the beach at the time of the shooting. One witness testified:

"Q. You tell the Court and jury just how you know it was the man on the beach who was shooting. A. Well, when he got through talking on the beach, he went up to his house, in which the lights were all bright, walked in and stayed there for a minute and came out with a rifle and down to the beach again, went back and came out the second time with a flash light and his rifle, and the lights were all bright in the house. Then Mr. Troen went in and called—we have telephones on the boat, and Mr. Troen called the Coast Guard, and he went back to his house and put all his lights out."

Appellant denies that he shot at the vessel or made the threats attributed to him by witnesses for the state. He said that he was out of his house only two minutes, at which time he took one shot at a cat.

The information in the case at bar was based upon subparagraph (4) of Rem. Rev. Stat., § 2414 [P.P.C. § 113-39], which states:

"Every person who, under circumstances not amounting to assault, in the first degree— . . .
"(4) Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm; or
. . .
"Shall be guilty of assault in the second degree . . ."

First degree assault is defined as follows:

"Every person who, with intent to kill a human being, or to commit a felony upon the person or property of the one assulted, or of another— . . . shall be guilty of assault in the first degree . . ." Rem. Rev. Stat., § 2413 [P.P.C. § 113-37].

■ A willful act is one done intentionally, not accidentally. *State v. Rodrigues,* 21 Wn. (2d) 667, 152 P. (2d) 970.

■ In *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn. (2d) 485, 125 P. (2d) 681, this court defined assault in the following language:

" ' "An assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented. . . ." Cooley, Torts (3d ed.), p. 278.' "

■■ The evidence in this case was largely circumstantial. However, verdicts in either civil or criminal cases may be based entirely upon circumstantial evidence. Strong circumstantial evidence is often the most satisfactory of any from which to draw a conclusion of guilt. The direct and circumstantial evidence which we have related was sufficient to justify the jury in concluding that appellant fired his rifle at the prosecuting witness, David M. Stitt, and that, in so doing, he intended to do bodily harm to Mr. Stitt. That evidence was sufficient to justify the jury in bringing in a verdict of guilty of second-degree assault, as charged in the information.

Judgment affirmed.

MALLERY, C. J., MILLARD, and SCHWELLENBACH, JJ., concur.

ROBINSON, J. (concurring in the result)—Scanty as the evidence was as to the identity of the man who did the shooting, it seems to me that it was sufficient to require the case to be sent to the jury. Since it found the defendant (appellant) guilty, I think the judgment founded on the jury's verdict must be affirmed.