[No. 592-1.  Division One—Panel 1.  December 27, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES MARTIN
DEAVER, *Appellant*.

*Peter D. Preston* and *Ralph A. Alfieri*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Edward L. Douglas, Jr., Deputy*, for respondent.

FARRIS, A.C.J.—Mr. James Martin Deaver appeals from a conviction of the crime of arson in the first degree after a jury trial. His appeal challenges the sufficiency of the evidence upon which he was convicted.

Mr. Deaver registered at the Milner Hotel under the name of "John Monroe" on November 11, 1969. Difficulties arose between Mr. Deaver and the hotel management as to

whether the service provided measured up to certain standards proclaimed in the hotel's national publicity. Following letters to the home office on this subject and complaints to Milner Hotel employees, Deaver was notified of his eviction on the evening of December 10, 1969. He moved out of room 440, but came back allegedly to pick up his shoes. A fire was discovered in room 440 approximately 30 to 40 minutes after he left. Trash and paper were found in the bathroom where the fire started; this pile was from 5 to 7 feet long and 18 inches high, and two lighter fluid cans were found in the debris. Shortly after discovery of the fire, a telephone call to the Milner desk was received from a man identifying himself as "the fellow that just left, Monroe." The fire was extinguished with only slight damage to the bathroom.

Mr. Deaver argues that the evidence was insufficient to establish the following elements of the crime: that the building burned, that the fire was of incendiary origin, and that he set the fire. He also argues that the trial court erred in admitting, over objections, the content of the telephone call purportedly made by him.

█ If there is substantial evidence in the record to support the conviction, it will not be disturbed. The court on appeal does not weigh the evidence; rather it determines its sufficiency. *State v. Gibson*, 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969); *State v. Collins*, 2 Wn. App. 757, 470 P.2d 227 (1970). Here it is undisputed that Mr. Deaver placed trash near the bathtub of the room that he occupied and that it was this trash that burned; that the two lighter fluid containers found in the debris belonged to him and were placed there by him; that he had been evicted from the hotel, returned to the building and departed immediately prior to the discovery of the fire in his locked room; and that no reason was given for his failure to put the trash in a garbage can which was provided by the hotel for that purpose. It is also not disputed that he believed he should not have been evicted from the hotel. Although disputed, there is testi-

mony which, if believed, established that the fire was of incendiary origin and could not have been the result of an accident. Two experts testified as to the origin of the fire and fixed the time that the fire was started. Mr. Deaver's conduct following discovery of the fire was also a factor that the jury could properly consider.

■■ The absence of direct evidence is no bar to conviction in an arson case. *State v. Evans,* 32 Wn.2d 278, 201 P.2d 513 (1949); *State v. McLain,* 43 Wash. 267, 86 P. 390 (1906). In order to sustain a conviction on cirumstantial evidence, the circumstances proved by the state must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any reasonable hypothesis or theory which would establish, or tend to establish, his innocence. *See State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968).

Whether or not the evidence produced met the test of the rule is a question for the jury. *State v. Gillingham,* 33 Wn.2d 847, 207 P.2d 737 (1949). *See also State v. Kirkby,* 20 Wn.2d 455, 147 P.2d 947 (1944); *State v. Donckers,* 200 Wash. 45, 93 P.2d 355 (1939). The verdict must stand if there is substantial evidence to support it, even though that evidence might not be of the most convincing kind. *State v. Despain,* 152 Wash. 488, 278 P. 173 (1929). We find substantial evidence in the record to support the jury finding that the fire was of incendiary origin and that the accused set it. The verdict will not be disturbed by this court. *State v. Lewis,* 55 Wn.2d 665, 349 P.2d 438 (1960).

■ We agree with Mr. Deaver's argument that telephone communications must be authenticated if they are to be admitted into evidence. The fact that the voice at the other end identified itself as Mr. Deaver was not sufficient authentication. Here the recipient of the call did not recognize the voice. It was then necessary that there be other evidence to identify the caller if testimony regarding the telephone call was to be admitted. The message itself provided the necessary identifying connection. The alleged conversation was:

[He] asked me if I was Cliff on the desk, . . . I just said, "Milner Hotel." . . . I said, "Who is this?" . . . He said, "This is the fellow that just left, Monroe." . . . I asked him where he was at. . . . Down on 3rd Avenue. . . . Just below the hotel, he said. . . . [In] a phone booth.

The fact that the caller knew that Mr. Deaver had just left the hotel and that Cliff was on the desk when he left, and the fact that Deaver had used the assumed name Monroe while registered at the hotel was sufficient to take the evidence of the telephone call to the jury.

When material to the issues, communications through the medium of the telephone may be shown in the same manner, and with like effect, as conversations had between individuals face to face, but the identity of the party sought to be charged with a liability must be established by some testimony, either direct or circumstantial. It is not always necessary that the voice of the party answering, or of either party, for that matter, be recognized by the other in such conversations, but the identity of the person or persons holding the conversation, in order to fix a liability upon them or their principals, must in some manner be shown.

*Young v. Seattle Transfer Co.*, 33 Wash. 225, 230, 74 P. 375 (1903). *See also State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958); *State v. Elie,* 4 Wn. App. 352, 481 P.2d 464 (1971). Here that test was met.

Affirmed.

JAMES and SWANSON, JJ., concur.