[No. 3414–2.   Division Two.   September 19, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY
G. RICHARDSON, *Appellant.*

*Anthony Savage,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *John M. Hancock, Deputy,* for respondent.

SOULE, J.—Gary G. Richardson has appealed his conviction for second–degree assault. We affirm.

In the early morning hours of October 15, 1977, defendant got into an argument with his former employer, Ray Blackwood, the manager of the Interlude Tavern. Blackwood suspected that defendant had been smuggling beer into the cardroom of the tavern and selling it to customers in violation of orders. Blackwood handed defendant his jacket and told him to get off the premises. The argument intensified as they moved outside and were joined by bystanders which included the victim, Farrington Kaluna. Kaluna and other witnesses testified that as defendant raised his arm as if to strike Blackwood, Kaluna, who was not armed, stepped in and pushed or hit defendant. The defendant, who witnesses testified remained standing, then shot Kaluna, injuring him severely. Defendant fled to the home of a friend where he hid his gun. When he was arrested, police found a spent .38 cartridge, the same type of bullet with which the victim was shot, on defendant's person.

Defendant claimed that his gun discharged accidentally after Kaluna pushed him to the ground. Defendant further testified that he did not consciously cock the weapon but implied that it may have become cocked accidentally when he caught the gun as it slipped out of his jacket pocket after Blackwood tossed the jacket to him. Roger Asbury of the F.B.I. testified, however, that due to the gun's cocking mechanism it was virtually impossible for the weapon to have discharged accidentally. Asbury concluded that defendant's gun fired the bullet that injured the victim.

The case was submitted to the jury under the alternative theories of second–degree assault taken from the language of RCW 9A.36.020: (a) that defendant knowingly assaulted

Kaluna with a weapon or thing likely to produce bodily harm; *or* (b) that he knowingly inflicted grievous bodily harm upon Kaluna; *or* (c) that he caused physical injury to Kaluna by means of criminal negligence. Defendant argues that the trial court erred by issuing instruction No. 11[1] which contained the alternative language specifically set forth in RCW 9A.36.020(1)(b), (c) and (e) since the instruction may have deprived defendant of a unanimous jury verdict.

The only issue on appeal is whether instruction No. 11 which set forth more than one alternative mode for the commission of the assault denied defendant a unanimous jury verdict. We hold that it did not and affirm the conviction.

When more than one mode of committing a crime is charged, the jury is not required to agree unanimously as to which alternative mode was used to commit the crime as long as the alternatives are not repugnant to each other, and there is substantial evidence to support a conviction upon each of the alternative modes. *State v. Jones,* 22 Wn.

---

[1]Instruction No. 11 reads as follows:

"To convict the defendant of the crime of Assault in the Second Degree as charged in Count I each of the following elements of the crime must be proven beyond a reasonable doubt:

"(1) That on or about the 15th day of October, 1977, the defendant:

"(a) Knowingly assaulted Kaluna Farrington [*sic*] with a weapon or thing likely to produce bodily harm; or

"(b) Knowingly inflicted grievous bodily harm upon Kaluna Farrington [*sic*] with or without a weapon; or

"(c) With criminal negligence caused physical injury to Kaluna Farrington [*sic*] by means of a weapon or other instrument or thing likely to produce bodily harm.

"(2) That the acts occurred in Kitsap County, Washington.

"(3) That the evidence does not establish legal self-defense.

"If you find from the evidence that elements (2), (3) and either (1)(a), (1)(b) or (1)(c) have been proven beyond a reasonable doubt, bearing in mind that (1)(a), (1)(b) and (1)(c) are alternatives and only one need be proven, then it will be your duty to return a verdict of guilty as to Count I.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to Count I."

App. 506, 510, 591 P.2d 816 (1979). *See also State v. Arndt,* 87 Wn.2d 374, 376, 553 P.2d 1328 (1976) *overruling contrary dictum in State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. McKeown,* 23 Wn. App. 582, 596 P.2d 1100 (1979); *State v. Fateley,* 18 Wn. App. 99, 103, 566 P.2d 959 (1977). When this test is met, there is no requirement that the jury verdict be unanimous as to the means used to commit the crime. *State v. Gallo,* 20 Wn. App. 717, 730, 582 P.2d 558 (1978); *State v. Medley,* 11 Wn. App. 491, 496, 524 P.2d 466 (1974).

■ We find this two–part test to be satisfied in the present case. If a single offense can be committed by several different means, the several means are not repugnant unless proof of one disproves the other. *State v. Parmenter,* 74 Wn.2d 343, 352, 444 P.2d 680 (1968). Defendant argues that proof that he knowingly assaulted or knowingly inflicted grievous bodily harm upon the victim disproves that he caused harm by criminal negligence. This contention is without merit because the legislature has expressly stated that proof of a knowing mental state is sufficient to prove criminal negligence. RCW 9A.08.010(2).[2]

■ The second part of the test, the requirement that there be substantial evidence to support a conviction on each of the alternative modes, is also satisfied in the present case. The requirement of substantial evidence is satisfied if there is sufficient evidence from which the trier of fact can reasonably infer the existence of a fact. *E.g., State v. Fateley, supra* at 102. The record contains sufficient evidence to support the conclusion that the defendant

---

[2]RCW 9A.08.010(2) provides in pertinent part: "When a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly." The rationale behind this statute doubtlessly is that, if one acts carelessly, the social vice of his conduct is sufficient to warrant a conviction and, if he possesses actual knowledge so that his social conduct is even more offensive, he should at least be liable equally with one who is merely negligent. This is particularly true because the penalty is the same in either case, and one should not be able to escape liability for negligence by saying that he was not negligent because he acted willfully or knowingly.

committed the assault with a knowing or negligent mental state. If the State's witnesses are to be believed, the defendant knowingly assaulted the victim with his gun. Defendant's own version of the incident supports the conclusion that the injury occurred as a result of defendant's negligent conduct in allowing the argument to escalate into a physical conflict while he had a loaded gun on his person. Therefore, the requirement of substantial evidence on each alternative mode is satisfied.

Defendant's conviction is affirmed.

PEARSON, C.J., and REED, J., concur.

Reconsideration denied October 18, 1979.

Review denied by Supreme Court January 11, 1980.