**STATE of Missouri, Plaintiff–Respondent,**

v.

**Joseph BEAVER, Defendant–Appellant.**

No. 55876.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 20, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of first degree arson. The trial court sentenced him as a class X offender to five years' imprisonment. He appeals; we affirm.

The state's evidence was that on the morning of September 21, 1987, defendant went to the home of Ms. Carrie Daugherty and asked to see her. Ms. Daugherty's son came to the front door and told defendant his mother was not at home. Defendant asked to use the phone, but the son, following Ms. Daugherty's instructions, refused to let him in. Defendant sat on the front step. When Ms. Daugherty's daughter Nicole came to the house, she saw defendant sitting on the front steps. He asked Nicole if her mother was home, and Nicole went into the house, did not find her mother and told defendant her mother was not home. Defendant again asked to use the phone, but Nicole told him her mother did not want people in the house when she was not

there. Ms. Daugherty's other daughter, who was in the house, saw defendant pouring a substance, later determined to be gasoline, around the front door. She saw him bend down and saw a flame come up. The son dialed 911, and all three children escaped through the back door. The fire caused damage to the front of the house. A fire inspector who responded to a report of the fire received a telephone call at the Daugherty residence from defendant in which he admitted setting the fire. He subsequently made a tape recorded confession to the police.

In his sole point on appeal, defendant contends "the trial court committed plain error by admitting hearsay testimony of a telephone conversation for which there was an insufficient identification foundation." The conversation to which he refers is the one between defendant and the fire inspector. The record reveals that the two had not previously met. The inspector, already aware that defendant was a suspect, was at the victims' home attempting to determine the cause of the fire when Ms. Daugherty's son answered the phone and told the inspector that defendant was on the phone and "wanted to talk with someone." After talking with defendant, the inspector wrote down the substance of the conversation, and at trial related it as follows:

> [Defendant stated] that he had tried to use the telephone, and he wanted to make a call, and they would not let him in the house. And that a couple days earlier they had ripped him off for some furniture, and that the son, which I believe would be Robert, was wearing his pants, and he had—they had stolen his pants from him. And the fact that he had been taking money to them and they treated him this way. And during the conversation, I asked Mr. Beaver, I said, "Tell me this," I said, "Did you set the fire, did you do the fire?" And he said, yes, he did. And I asked him why. And, you know, I told him, "Didn't you know that people could be hurt here," and whatnot. And at that point he told me, "Well, I wasn't really trying to hurt anybody. I was trying to scare them."

Prior to this testimony, defendant objected on *Miranda* grounds, and the state responded that because defendant was not in custody at the time of the conversation, no *Miranda* objection would lie. The court overruled the objection.

No objection concerning identification was made below. An objection, to be preserved for appeal, must be specific and may not be presented to the appellate court under a theory different than that presented to the trial court. *State v. Quick,* 639 S.W.2d 880, 883 (Mo.App.1982). Defendant concedes the issue was not properly preserved and requests plain error review. In order to invoke the plain error rule, defendant must make a strong, clear showing that the error resulted in a manifest injustice or a miscarriage of justice. *State v. McKinley,* 689 S.W.2d 628, 632 (Mo.App. 1984). The strength of the state's case is a prime factor in determining the existence, if any, of plain error. *Id.* at 633.

The state correctly points out that identification of a telephone caller may be shown by circumstantial evidence. *State v. Gardner,* 743 S.W.2d 472, 473 (Mo.App.1987). Our Supreme Court has recognized that the subject matter of a phone call can serve as a circumstantial basis to show the identity of the caller. *Zimmerman v. Associate Discount Corporation,* 444 S.W.2d 396, 397 (Mo. banc 1969). In criminal cases, this rule has been used to identify the defendant as a participant in a telephone conversation when the defendant discusses facts which most likely only he would know. *See, State v. Deaver,* 6 Wash.App. 216, 491 P.2d 1363 (App.1971), 79 A.L.R.3d 79, 174–76 (1977). Here, the fact of the arson alone was known potentially to persons in addition to defendant. However, the circumstances concerning defendant's desire to use the phone, along with other facts revealed in the conversation, were most likely known only to him. Thus, even were the objection concerning identification properly preserved, we would be inclined to agree with the state that the inspector's testimony was admissible.

In any event, we conclude defendant has failed to show plain error. The state's case

against defendant was extremely strong. Three witnesses placed defendant at the crime scene at the time the fire broke out. One testified she saw defendant bend over and pour a liquid substance around the front door. When defendant stood up, according to the witness, the flames broke out. Aside from defendant's admission of guilt to the fire inspector, defendant also made a tape recorded confession which was played for the jury. Thus, no manifest injustice or miscarriage of justice resulted from the fire inspector's testimony.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.