[No. 13637-0-III.   Division Three.   February 6, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. ERIK
DUANE MAHONEY, *Appellant*.

*Cynthia A. Jordan*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Martin D. Rollins, Deputy*, for respondent.

SWEENEY, C.J. — ▇ A suspect must be in custody or "otherwise deprived of his freedom of action in a significant way" to trigger the protections afforded by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966). Police telephoned Erik Duane Mahoney and asked him whether he was present when stereo equipment was stolen from a vehicle parked at a Spokane apartment complex. Mr. Mahoney said he and two friends were "checking out cars" at about 1:30 A.M. He then admitted that he kept an eye out while the others removed the rear window of a vehicle and took stereo equipment and sunglasses from the vehicle. Mr. Mahoney was charged with second degree theft and second degree malicious mischief. The trial court admitted Mr. Mahoney's telephone statements over his objections. Mr. Mahoney was convicted of second degree theft and third degree malicious mischief and now appeals. We are asked to decide whether the telephone conversation between Mr. Mahoney and police was a custodial interrogation for purposes of *Miranda*. We conclude that it was not and affirm.

## DISCUSSION

*Miranda* safeguards apply when a "suspect's freedom of action is curtailed to a ' ". . . 'degree associated with formal arrest.' " ' " *State v. Short*, 113 Wn.2d 35, 40, 775 P.2d 458 (1989) (quoting *State v. Harris*, 106 Wn.2d 784, 789, 725 P.2d 975 (1986), *cert. denied*, 480 U.S. 940 (1987)). That determination depends on whether the "suspect reasonably supposed his freedom of action was curtailed.' " *State v. Richmond*, 65 Wn. App. 541, 544, 828 P.2d 1180 (1992) (quoting *Short*, 113 Wn.2d at 41); *State v. Pejsa*, 75 Wn. App. 139, 146-47, 876 P.2d 963 (1994) (inquiry is how a reasonable person in the suspect's position would

understand the situation), *review denied*, 125 Wn.2d 1015 (1995). A *Miranda* interrogation is not limited to express questioning. It includes words or conduct by the police "that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Pejsa*, 75 Wn. App. at 147 (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980), *cert. denied*, 456 U.S. 930, *amended*, 456 U.S. 942 (1982)).

In *Pejsa*, the defendant had several incriminating "throw phone" conversations with police, after he barricaded himself in an apartment. At trial, he moved to suppress police tapes of the negotiations because they contained "custodial" statements taken without the benefit of *Miranda* warnings. Division Two observed that *Miranda* focuses on custodial interrogations because of their secrecy. When an interrogator is alone with a suspect, police may employ a number of subtle psychological pressures. A suspect's will is much more likely to be overcome in an atmosphere controlled by the police. *Pejsa*, 75 Wn. App. at 147. Isolation is the key aspect of a custodial setting. *Pejsa*, 75 Wn. App. at 147 (police in interrogation setting can restrain a suspect and apply "whatever psychological techniques they think will be most effective" (quoting *United States v. Mesa*, 638 F.2d 582, 586 (3d Cir. 1980))).

In *State v. Denton*, 58 Wn. App. 251, 792 P.2d 537 (1990), the defendant telephoned a police detective after being arrested for robbery. The detective jokingly asked the defendant whether he had robbed a store. The defendant told him he had been arrested for bank robbery. Not realizing the defendant was serious, the detective asked, "[D]id you do it?" The defendant responded, "I was there." *Denton*, 58 Wn. App. at 253. The detective asked other incriminating questions which the defendant answered. The conversation did not "carry with it the coercive and intimidating factors that are normally present in jailhouse interrogations and that the *Miranda* Court sought to guard against." *Denton*, 58 Wn. App. at 258. The officer was not

physically present and the defendant was "free to terminate the conversation at any time simply by hanging up the telephone." *Denton*, 58 Wn. App. at 258.

■ Mr. Mahoney relies on *State v. Lewis*, 32 Wn. App. 13, 645 P.2d 722, *review denied*, 98 Wn.2d 1004 (1982). His reliance is misplaced. There, police had probable cause for an arrest but set up an interrogation of the suspect at police headquarters to develop additional incriminating information. Here, Mr. Mahoney spoke with the detective on the telephone, not at police headquarters. He was not in custody. Nor was his situation inherently coercive. He could have simply hung up and terminated the conversation. The conversation did not lend itself to secrecy or subtle psychological pressures. *Pejsa*, 75 Wn. App. at 147. Mr. Mahoney's freedom of action was not curtailed. *See also State v. Post*, 118 Wn.2d 596, 605, 826 P.2d 172, 837 P.2d 599 (1992) (custodial refers to restricted freedom of movement). The telephone conversation between Mr. Mahoney and the detective was not a custodial interrogation.

■ Mr. Mahoney next argues that the court should not have admitted the telephone statements because they were not properly authenticated—he was not properly identified. Authentication is required. *State v. Deaver*, 6 Wn. App. 216, 218, 491 P.2d 1363 (1971). Evidence of identity may be either direct or circumstantial. *Deaver*, 6 Wn. App. at 219 (quoting *Young v. Seattle Transfer Co.*, 33 Wash. 225, 230, 74 P. 375 (1903)).

The detective who spoke to Mr. Mahoney had known him for several years and was familiar with his voice. And he had had at least two recent contacts. The detective telephoned Mr. Mahoney's residence and his mother answered. Mr. Mahoney tried unsuccessfully to return the detective's call. The detective again called Mr. Mahoney—at the same number. Mr. Mahoney also gave firsthand details about the theft. He was therefore adequately identified to authenticate the telephone conversation. *Deaver*, 6 Wn. App. at 219.

■ Mr. Mahoney next contends the evidence is insuf-

ficient to support his convictions. We therefore must determine whether any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Zamora*, 63 Wn. App. 220, 223, 817 P.2d 880 (1991). In doing so, we view the evidence in a light most favorable to the prosecution. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

Mr. Mahoney admitted his involvement in the offenses during his telephone conversation with the police detective. In addition, there was evidence of damage to a vehicle and stolen property. A trier of fact could have found the elements of the crimes beyond a reasonable doubt.

The convictions are affirmed.

MUNSON and SCHULTHEIS, JJ., concur.