FILED

JUNE 21, 2016

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33109-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA H. HERNANDEZ MARTINEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Maria Hernandez Martinez appeals her convictions of arson in

the first degree, making a misleading statement to a public servant, and filing a false

insurance claim. The State cross appeals the trial court's dismissal of a perjury charge.

We affirm.

FACTS

Maria Hernandez Martinez purchased a Foremost Insurance Company policy, with

an effective date of August 9, 2012, insuring her Moses Lake mobile home. Farmers

Insurance Company owns Foremost Insurance and the latter company specializes in

coverage for mobile homes.

On the morning of August 29, 2012, Maria Martinez's mobile home caught fire. The fire likely began in or near a window air conditioning unit in the home's family room. The fire was a low heat burn. We do not know when or who first noticed the fire or when or who notified firefighters of the fire. Firefighters extinguished the fire by 9:15 a.m., on August 29. Martinez and her children left their residence at 6:30 a.m., on August 29, to travel to Spokane for a 9:30 a.m. doctor's appointment.

At 8:15 a.m., on August 29, Grant County Chief Deputy Fire Marshal Bruce Gribble learned of the Hernandez Martinez mobile home fire. Gribble arrived at the mobile home at 9:15 a.m. Gribble entered the home. He found no residue from burned cash on the home's living room couch. He saw no television in the master bedroom.

In early September 2012, Jonathan Hull, a Farmers Insurance Company adjuster, met with Maria Martinez at the latter's Moses Lake mobile home. Hull directed Martinez to complete an inventory of property damaged or destroyed by the August 29 fire. Hull assisted by writing the list of property on a four-page undated and unsigned claim form. Martinez claimed that two televisions were lost or damaged in the fire and the claim form listed the televisions on the first page. Martinez claimed one television sat in the family room and one in her bedroom at the time of the fire.

During her first meeting with Jonathan Hull, Maria Hernandez Martinez did not mention the loss of any cash. A day or two later, Martinez notified Hull that the fire

2

destroyed $3,800 in cash that lay on or near the living room couch at the time of the fire.

On September 7, 2012, adjuster Jonathan Hull prepared an eighteen-page contents valuation report. The report listed a loss of two televisions and $3,800 in cash. The valuation report totaled the cash value of the loss as $22,343.66. No one signed the contents valuation report.

Barry Kerth, a fire investigator hired by Foremost Insurance Company, examined Maria Martinez's mobile home on September 3, 2012 and September 8, 2012. On September 3, he saw no televisions in the home; on September 8, he noticed two sets inside the mobile home. Kerth observed no damage to the televisions. When investigating the fire on September 3, Barry Kerth identified an irregular burn pattern on a table outside the mobile home, but near a window where some of the fire escaped the home. The window had held the air conditioner that likely was the source of the fire. We do not know if the table was inside at the time of the fire.

When Barry Kerth examined the table on September 3, the air conditioner rested thereon. The burn pattern signaled the earlier presence of an ignitable liquid. Kerth observed an electrical outlet inside the home and near the air conditioner's window. The outlet contained no evidence of a melted electrical plug such that Kerth concluded no appliance was plugged into the outlet at the time of the fire.

3

During his second inspection of the mobile home on September 8, 2012, Barry Kerth moved a severely burned couch, resting in the family room near the origin of the fire, to search for cash residue. He found no residue. On relocating the couch, Kerth did not smell any accelerants, but, after sifting through debris on the floor, he smelled a strong odor of accelerants. Based on the smell, he recommended to Foremost Insurance Company that it bring an accelerant detection dog to the mobile home.

Dog handler Eileen Porter, at the request of Foremost Insurance Company, investigated the fire with an accelerant dog. The dog detected accelerants at four locations on Maria Martinez's property, one inside the home and three outside the residence. Porter collected samples from each location. While investigating, Porter took photographs, including a picture of a gas can in front of another trailer located on the Martinez property. Scientist Dale Mann analyzed the samples collected by Porter and found the presence of automotive gasoline in all samples.

On September 25, 2012, Grant County Sheriff Deputy Jon Melvin and Fire Marshal Bruce Gribble interviewed Maria Martinez at the county sheriff station for many hours. During the interview, Martinez, through an interpreter, claimed that two televisions and $3,800 burned in the fire. Deputy Melvin wrote notes from Martinez's answers to questions and placed the notes on a six-page document entitled "Written Statement." Ex. 48. On the completion of the interview, the translator translated the

4

statement for Martinez, and Martinez signed the document. The statement contained language, above Martinez's signature, stating that she signed under penalty of perjury.

On September 25, 2012, Bruce Gribble found, in the unburned trailer on Maria Martinez's property, boxes of jewelry. During trial, Leovigildo Mendoza Flores, the father of Maria Martinez's children, identified the jewelry as belonging to Martinez. According to Flores, Martinez usually stored her jewelry in the mobile home in which she resided.

In 2012, Maria Martinez supported three children on an income of $660 a month. She monthly paid $500 on the mortgage. She possessed a working cell phone. Martinez's mobile home previously suffered a fire on May 1, 2009.

## PROCEDURE

The State of Washington charged Maria Hernandez Martinez with arson in the first degree, perjury in the second degree, and filing a false insurance claim for property exceeding $1,500. The State alleged alternate theories for the first degree arson charge: (1) a damaged dwelling, and (2) insurance fraud in an amount exceeding $10,000.

During trial, the State sought to admit as exhibit 46, the photo of the gas can taken by Eileen Porter. The trial court admitted the exhibit over the objection of Maria Martinez.

Maria Martinez moved to dismiss both the arson and perjury charges at the close

of the State's case and at the end of trial. The trial court denied the motion to dismiss at the close of the State's case. The court, at the conclusion of trial, denied the motion to dismiss the arson charge, but granted the motion to dismiss the perjury charge. The trial court reasoned that the oath found above Maria Martinez's signature on the written statement given to law enforcement was not authorized or required by law. Thus, the State could not sustain perjury charges. The trial court instead instructed the jury on a lesser included crime of making a false or misleading statement to a public servant.

The jury found Maria Martinez guilty of arson in the first degree, making a false or misleading statement to a public servant, and filing a false insurance claim. Special verdict form 1 directed the jury to place a checkmark next to the ground or grounds on which it found Martinez guilty of first degree arson. The verdict form read:

> We, the jury, having found the defendant guilty of the crime of arson in the first degree, unanimously find the defendant committed the arson knowingly and maliciously to: (check any or all that apply)
> [ ] 2(a) cause a fire or explosion which damages a dwelling;
> [ ] 2(b) cause a fire or explosion on property valued at ten thousand dollars or more with intent to collect insurance proceeds.
> [ ] None of the arson first degree elements 2(a) or 2(b) were found unanimously.

Clerk's Papers at 108. The jury did not enter any checkmark on special verdict form 1, although the jury foreperson signed the form. The trial court imposed a $500 victim assessment fee, a $200 criminal filing fee, and a $100 deoxyribonucleic acid (DNA) collection fee.

6

LAW AND ANALYSIS

On appeal, Maria Hernandez Martinez contends the trial court erred in admitting, as an exhibit, the photograph of the gas can in front of her other trailer. Martinez also challenges the sufficiency of the evidence to convict her of arson and the failure of the trial court to require jury unanimity with regard to the alternative means of committing first degree arson. Finally, she contests the imposition of legal financial obligations. The State cross appeals the trial court's dismissal, at the close of the trial, of the perjury charge. We affirm the trial court's evidentiary ruling, the convictions of Maria Martinez, and the imposition of financial obligations. We decline entertainment of the State's cross appeal.

## Gas Can Photograph

Maria Martinez argues that the trial court erred by admitting a picture that showed a gas can on her property and in front of the second trailer. In the alternative, she contends that, if relevant, the evidence was more prejudicial than probative. This court reviews evidentiary rulings for manifest abuse of discretion. *State v. Russell*, 125 Wn.2d 24, 78, 882 P.2d 747 (1994). The trial court abuses its discretion only when no reasonable person would have decided the issue as the trial court did. *State v. Rice*, 110 Wn.2d 577, 600, 757 P.2d 889 (1988).

> "Relevant evidence" means evidence having any tendency to make
> the existence of any fact that is of consequence to the determination of the

7

action more probable or less probable than it would be without the
evidence.

ER 401. Relevance is a very low bar. *Mut. of Enumclaw Ins. Co. v. Gregg
Roofing, Inc.*, 178 Wn. App. 702, 729, 315 P.3d 1143 (2013). Even minimally
relevant evidence is admissible. *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d
1189 (2002). Relevancy means a logical relation between evidence and the fact to
be established. *State v. Whalon*, 1 Wn. App. 785, 791, 464 P.2d 730 (1970).

In an arson case, the presence of a gas can near the scene possesses relevance.
The relevance increases when an expert opines at trial that someone used gasoline to
accelerate the fire. Maria Martinez emphasizes that Eileen Porter took the photograph
after the fire, no evidence tied Martinez to the can other than its presence on her property,
the State presented no testimony that the can contained gasoline, and the State never
investigated the role the gas can might have played in the fire. Martinez's criticisms of
the importance of the gas can is well taken, but goes to the weight, not admissibility, of
the photograph.

Maria Hernandez Martinez also contends that the picture was substantially more
prejudicial than it was probative.

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice, confusion of
> the issues, or misleading the jury, or by considerations of undue delay,
> waste of time, or needless presentation of cumulative evidence.

8

ER 403. A danger of unfair prejudice exists when evidence is likely to stimulate an emotional response rather than a rational decision. *State v. Beadle*, 173 Wn.2d 97, 120, 265 P.3d 863 (2011); *State v. Barry*, 184 Wn. App. 790, 801, 339 P.3d 200 (2014). The burden of demonstrating unfair prejudice is on the party seeking to exclude the evidence. *State v. Burkins*, 94 Wn. App. 677, 692, 973 P.2d 15 (1999).

When administering ER 403, we recognize that nearly all evidence worth offering in a contested case will prejudice one side or the other. *Carson v. Fine*, 123 Wn.2d 206, 224, 867 P.2d 610 (1994). Evidence is not rendered inadmissible under ER 403 just because it may be prejudicial. *Carson v. Fine*, 123 Wn.2d at 224. Under ER 403, the court is not concerned with this ordinary prejudice. *Carson v. Fine*, 123 Wn.2d at 224. Because of the trial court's considerable discretion in administering ER 403, reversible error is found only in the exceptional circumstance of a manifest abuse of discretion. *State v. Gould*, 58 Wn. App. 175, 180, 791 P.2d 569 (1990).

Maria Hernandez Martinez argues that the gas can picture improperly allowed the jury to speculate. Nevertheless, as reasoned by the trial court, a picture of a gas can is not likely to elicit an emotional response. The picture may posit little probative value, but it also creates little prejudicial effect. The trial court did not abuse its discretion in admitting the photograph as an exhibit.

Sufficiency of Evidence

Maria Hernandez Martinez challenges the sufficiency of the evidence to convict her of arson. She underscores that the State presented no evidence that she set or assisted in setting the fire.

Evidence is sufficient if a rational trier of fact could find each element of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). Both direct and indirect evidence may support the jury's verdict. *State v. Brooks*, 45 Wn. App. 824, 826, 727 P.2d 988 (1986). This court draws all reasonable inferences in favor of the State. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977). Only the trier of fact weighs the evidence and judges the credibility of witnesses. *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

The jury convicted Maria Hernandez Martinez of first degree arson under RCW 9A.48.020. The statute declares, in part:

> (1) A person is guilty of arson in the first degree if he or she knowingly and maliciously: . . . (b) Causes a fire or explosion which damages a dwelling; or . . . (d) Causes a fire or explosion on property valued at ten thousand dollars or more with intent to collect insurance proceeds.

The absence of direct evidence is no bar to conviction in an arson case. *State v. Evans*, 32 Wn.2d 278, 280, 201 P.2d 513 (1949); *State v. McLain*, 43 Wash. 267, 269, 86 P. 390 (1906); *State v. Deaver*, 6 Wn. App. 216, 218, 491 P.2d 1363 (1971). The verdict

10

must stand if substantial evidence supports it, even though that evidence might not be the most convincing kind. *State v. Despain*, 152 Wash. 488, 491, 278 P. 173 (1929); *State v. Deaver*, 6 Wn. App. at 218. Arson is a crime most often proved by circumstantial evidence. *State v. Plewak*, 46 Wn. App. 757, 764-65, 732 P.2d 999 (1987).

The Washington Supreme Court places a high premium on "convincing proof of motive" in arson cases including interest in the collection of insurance. *State v. Pfeuller*, 167 Wash. 485, 490, 9 P.2d 785 (1932). In *Pfeuller*, the Supreme Court reversed Fred Pfeuller's conviction for arson in the second degree. Evidence established that Pfeuller's shoes were wet and muddy and another pair of shoes, which appeared to belong to the arsonist, echoed Pfeuller's shoe size. No evidence showed a feud or monetary motive for Pfeuller to set the fire. The state high court stated that, when evidence of motive is lacking and the remainder of the evidence is circumstantial, the court is less likely to find the evidence sufficient.

The State relies on two cases to argue that the evidence is sufficient: *State v. Clark*, 78 Wn. App. 471, 898 P.2d 854 (1995) and *State v. Wood*, 44 Wn. App. 139, 721 P.2d 541 (1986). In *Clark*, the State charged Garith Clark with first degree arson for a fire at his office. This court reversed the trial court because of the exclusion of relevant evidence exculpatory to Clark, but remanded for a new trial because of sufficient evidence to convict. At trial, the State presented evidence of arson and testimony that

11

Clark filed an insurance claim for the fire loss. Clark conceded that he had reached the maximum amount on his credit cards and his business was slow. Clark entered his office during the night of the fire and removed a fish tank.

In *State v. Wood*, the jury found Clara Wood guilty of first degree arson. The State presented evidence that fire destroyed a vacant home owned by Wood. Wood rested in Reno at the time of the fire. An investigation showed arson. Witness Charles Blinkenderfer saw a suspicious silver Toyota parked on the street near the home and later a man running from the vacant home. Blinkenderfer chased the man. Fire Marshal Richard Carman researched the Toyota license plate submitted by Blinkenderfer and found that David Curtindale owned the vehicle. Blinkenderfer picked Curtindale out of a line up as the man he chased. Curtindale was Wood's brother. Wood submitted a claim for loss to her insurance. The State discovered that Wood telephoned Curtindale multiple times before the fire. This court held that sufficient evidence supported Wood's arson conviction.

We hold that the State provided sufficient evidence to support Maria Martinez's conviction. The State presented evidence of Martinez's financial need. The State presented evidence that Martinez had a motive to collect insurance proceeds. The evidence about motive is arguably stronger than in *State v. Clark* because the State showed that Martinez purchased insurance on her mobile home weeks before the fire and

12

she forwarded a claim for fire loss on the policy. Martinez sustained loss in a fire in 2009 and received insurance proceeds to cover those losses. Martinez removed jewelry and may have removed television sets from the home before the fire.

## Jury Unanimity

Maria Hernandez Martinez also argues that the trial court improperly instructed the jury regarding a unanimous verdict. The State argues that there was adequate evidence to support either of the alternative circumstances charged. Therefore, no error occurred. We agree with the State.

While jury unanimity as to the underlying crime is required, there is no such unanimity requirement for alternative circumstances. *State v. Flowers*, 30 Wn. App. 718, 722-23, 637 P.2d 1009 (1981). A conviction of a crime with alternate means of committing may be affirmed if the alternative ways are not repugnant to each other and substantial evidence supports a conviction on each of the alternative means. *State v. Richardson*, 24 Wn. App. 302, 304, 600 P.2d 696 (1979). The first prong is satisfied so long as proof of one does not disprove the other. *Richardson*, 24 Wn. App. at 305. The second prong is satisfied if there is sufficient evidence from which the trier of fact can reasonably infer the existence of a fact. *Richardson*, 24 Wn. App. at 305.

Maria Martinez's jury convicted her of first degree arson. The State charged two alternate circumstances: fire that damaged a dwelling or fire set for insurance proceeds.

13

RCW 9A.48.020(1)(b), (1)(d). The alternate means are not antagonistic to one another. An arson may both burn a dwelling and burn property worth more than $10,000 in order to receive insurance proceeds.

Testimony and exhibits showed that Maria Martinez and at least three of her children lived in the mobile home that burned. The insurance documents admitted in evidence established that the mobile home and its contents exceeded $10,000 in value. Martinez filed an insurance claim. A reasonable trier of fact could find the mobile home was a dwelling and that property worth more than $10,000 was set on fire in order to receive insurance proceeds.

## Legal Financial Obligations

Maria Hernandez Martinez contends that the trial court erroneously imposed a $200 criminal filing fee as a financial obligation without considering, under RCW 10.01.160(3), her financial resources. Martinez, who did not object to the imposition of these costs at sentencing, argues that she may raise this issue for the first time on appeal, citing *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

The record does not show that the trial court inquired into Maria Martinez's ability to pay legal financial obligations. Nevertheless, the criminal filing fee is a mandatory, not discretionary, obligation. *State v. Lundy*, 176 Wn. App. 96, 110, 308 P.3d 755

14

No. 33109-1-III
*State v. Hernandez Martinez*

(2013); *State v. Clark*, 191 Wn. App. 369, 374, 362 P.2d 309 (2015). Despite the lack of

inquiry into Martinez's financial capability, we affirm the imposition of the obligation.

## Cross Appeal

The State of Washington challenges the trial court's dismissal of the perjury

charge at the close of the case. The State mentions that dismissal as a matter of law after

jeopardy attaches unfairly precludes the State from challenging a legal ruling of the trial

court.

The Rules of Appellate Procedure curtail the State's ability to appeal decisions in

criminal prosecutions. RAP 2.2 declares:

> (b) Appeal by State or a Local Government in Criminal Case.
> Except as provided in section (c), the State or a local government may
> appeal in a criminal case only from the following superior court decisions
> *and only if the appeal will not place the defendant in double jeopardy:*
> (1) Final Decision, Except Not Guilty. A decision that in effect
> abates, discontinues, or determines the case other than by a judgment or
> verdict of not guilty, including but not limited to a decision setting aside,
> quashing, or dismissing an indictment or information, or a decision granting
> a motion to dismiss under CrR 8.3(c).
> (2) Pretrial Order Suppressing Evidence. A pretrial order
> suppressing evidence, if the trial court expressly finds that the practical
> effect of the order is to terminate the case.
> . . . .
> (6) Sentence in Criminal Case. A sentence in a criminal case that
> (A) is outside the standard range for the offense, (B) the state or local
> government believes involves a miscalculation of the standard range,
> (C) includes provisions that are unauthorized by law, or (D) omits a
> provision that is required by law.

RAP 2.2 (emphasis added) (boldface and italics omitted).

15

RAP 2.2(b) articulates that the State may only appeal if the appeal will not subject the defendant to double jeopardy. As a general rule, if the trial court weighed the evidence in entering an order terminating the prosecution, the prohibition against double jeopardy precludes a retrial. 12 ROYCE A. FERGUSON, JR.,WASHINGTON: PRACTICE, CRIMINAL PRACTICE & PROCEDURE § 2110, at 474 (3d ed. 2004). "It makes no difference that the ruling of the court may have resulted from an erroneous interpretation of governing legal principles. Such an error affects the accuracy of a determination, but it does not alter its essential character as a judgment of acquittal." *State v. Bundy*, 21 Wn. App. 697, 702-03, 587 P.2d 562 (1978).

The State concedes that jeopardy attached to Maria Martinez's prosecution, and thus it cannot appeal the judgment dismissing the perjury charge. The State astutely claims it is appealing the process used to dismiss the charge, not the dismissal itself. Nevertheless, RAP 2.2 offers a comprehensive list of rulings or orders the State can appeal. Use of a procedure is not listed. We discern no practical difference between appealing the dismissal procedure and the end result of the procedure. Therefore, we refuse to entertain the cross appeal.

No. 33109-1-III
*State v. Hernandez Martinez*

## CONCLUSION

We affirm Maria Hernandez Martinez's convictions for arson, a misleading statement, and filing a false insurance claim. We also affirm the imposition of legal financial obligations on Martinez. We deny review of the State's cross appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____        _____
Siddoway, J.                                                      Pennell, J.

17